## SMITH v HOSKINS et

Ohio Appeals, 1st Dist, Butler Co

No 744. Decided May 27, 1938

Walter S. Harlan, Hamilton, for appellant.

Harry S. Wonnell, Hamilton, for appellees.

### OPINION

By MATTHEWS, J.

This is an appeal on questions of law from a judgment of the Court of Common Pleas of Butler County, Ohio, rendered upon an instructed verdict in favor of the defendant, at the close of the plaintiffs evidence, in an action in tort for personal injuries.

The action arose out of a collision between a motor truck owned by the defendants and the person of the plaintiff on Ross Avenue, a short distance east of its intersection with Kenworth Avenue in the City of Hamilton.

We are advised by the oral argument and the brief of the appellees that the grounds upon which they moved for an instructed verdict were:

(1) That there was no substantial evidence that the truck was being operated at the time of the collision by the defendants personally or through their agent,

acting in the course of his employment in the execution of the service for which he was employed.

(2) That there was no substantial evidence of negligence on the part of the operator of the truck.

(3) That the plaintiff's evidence raises an inference of negligence on her part which she failed to remove.

In passing upon the validity of the trial court's ruling, we must take the evidence favorable to the plaintiff in determining whether the record shows substantial evidence in support of the cause of action alleged by her.

We will consider the evidence upon the issues raised by the motion for an instructed verdict in the order stated.

(1) The defendants were partners engaged in the retail grocery business which they conducted from two stores in the City of Hamilton. It is conceded that they owned the truck that came into collision with the plaintiff. At the time, it was being operated by a brother of one of the partners who was in the employ of the partnership and, according to the admission of one of the defendants, testified to by the plaintiff's husband, he was going to deliver some groceries at the time of the accident. One of the defendants' stores was on Ross Avenue and apparently the truck was proceeding in the direction of that store at the time. If this evidence is believed it proves that the truck that struck the plaintiff was owned by the defendants, that it was being driven by one of their employees, and that at the time he was delivering or returning from delivering groceries. Certainly, an inference could be drawn from this that at the time he was engaged in and about his employer's business and in execution of the service for which he was employed. The evidence that the employee was engaged in delivering groceries distinguishes this case from **White Oak Coal Co. v Rivoux,** 8f Oh St 18.

Called for cross-examination the defendant denied that the driver of the truck was engaged in the business of the defendants at the time of the accident, and denied that he had told the plaintiff's husband the driver was engaged in delivering groceries at the time. This raised an issue of credibility of witnesses, which the trial court should not have determined on the motion for an instructed verdict. It was an issue which the plaintiff had a right to have determined by a jury. If believed by the jury, it constituted substantial evidence in proof of this element of the plaintiff's case.

(2) It appearing then that there was substantial evidence that the driver of the truck was the agent of the defendants and was acting in the course of his employment at the time, the next question is whether there is substantial evidence that he was negligent as charged by the plaintiff. The plaintiff alleged that the driver was negligent in that she was about to enter the automobile driven by her husband at a point on Ross Avenue, just east of Kenworth Avenue at about 9:45 P. M., when this employee of the defendant proceeding eastwardly on Ross Avenue crossed the intersection of Kenworth and approached the rear of her husband's automobile, without having the truck under control, at a speed in excess of forty miles per hour, that he should in the exercise of ordinary care have seen her and stopped, but instead, he proceeded to pass her husband's automobile on the left side, and, as a result of these acts, the truck struck and injured her.

Various witnesses estimated the speed of the defendants' truck. One placed it at from forty to forty-five miles, and another from thirty-five to forty miles per hour. There was evidence that the truck overtook the automobile, started to pass to the left of it, and then changed its course suddenly and passed to the right, where the plaintiff was preparing to enter her husband's automobile.

In view of the provisions of §12603, GC, it could not be said that there was no evidence of negligence. The evidence of the speed alone would prevent that. Likewise, the other evidence as to the manner of operating the truck raised an issue of fact as to whether due care had been exercised.

We conclude that there was substantial evidence that the driver of the truck was negligent.

(3) Now does the evidence show as a matter of law that negligence on the part of the plaintiff directly contributed to this collision?

The plaintiff testified that after her husband left their home, she took their baby and ran across an alley and some intervening lots constituting less than a city block, to the north side of Ross Avenue where she saw her husband's automobile east of the intersection of Ross and Kenworth Avenues and the defendants' truck west of that intersection, that she walked

pretty fast in crossing the north half of Ross Avenue in front of her husband's automobile so as to get on the right side of his automobile in order to enter his automobile, that she was struck by the defendants' truck, that she was on the south side of Ross Avenue at the time she was struck, that she tried to avoid being struck, that at that time she was on the right side of her husband's automobile. She testified to many details, but that is the substance of what she said. She was corroborated by other witnesses. There was no substantial evidence throwing additional light upon her conduct at the time.

Whether a jury would say plaintiff exercised due care under all the circumstances, and, if not, whether her negligence directly contributed to her injuries, we have no way of knowing. We are quite sure that the court cannot declare as ▮▮▮▮▮▮▮ ▮ a matter of law that she was negligent and that such negligence directly contributed to her injuries.

For these reasons, the judgment is reversed and the cause remanded for further proceedings according to law.

ROSS, PJ, and HAMILTON, J, concur.